**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rincon Etal Investments Incorporated, et al., | No. CV-21-00426-TUC-SHR (DTF) |
| Plaintiffs, | **ORDER** |
| v. | |
| William M Coughran, Jr., et al., | |
| Defendants. | |

On July 12, 2022, Magistrate Judge D. Thomas Ferraro filed a Report and Recommendation ("R&R"), recommending the Court "dismiss the fictitious Defendants and deny Defendant's Motion to Dismiss (Doc. 4) because Defendants are subject to the jurisdiction of Arizona and Plaintiffs have stated a claim." (Doc. 16 at 15-16.) The Magistrate Judge informed the parties they had fourteen days to file objections to the R&R, and an additional fourteen days to respond. (*Id.* at 16.) Defendants filed timely objections (Doc. 17); Plaintiffs filed a timely response (Doc. 19).

**I.  STANDARD OF REVIEW**

Regardless of whether responses are filed, the Court must perform a de novo review of issues raised in an objection. *See* Fed. R. Civ. P. 72(b)(2)-(3) (requiring de novo review of objections, but not mandating a response); *see also* 28 U.S.C. § 636(b)(1)(C).

**II.  FACTUAL AND PROCEDURAL HISTORY**

Defendants do not object to the Magistrate Judge's factual and procedural history.

(Doc. 17 at 6-8.) The Court, therefore, adopts the factual and procedural history and will not restate it here except as it relates to Defendants' objections. For clarity, the Court refers to Defendant William Coughran as Mr. Coughran and Defendant Bridget Coughran as Mrs. Coughran. Plaintiffs Rincon Etal Investments Incorporated, Broadmont Associates LP, and Robert L. Draper GST Exempt Trust are referred to collectively as Plaintiffs because this lawsuit pertains to an investing opportunity made by Draper on behalf of the other Plaintiffs. (Doc. 1-3 ¶¶ 16-20.)

### III. DEFENDANTS' OBJECTIONS

#### A. Objection #1: Personal Jurisdiction

##### 1. Mr. Coughran

Defendants argue the R&R incorrectly concluded the court has specific personal jurisdiction over Mr. and Mrs. Coughran because Mr. Coughran is on the board of directors of an Arizona company. (Doc. 17 at 8.) Specifically, Defendants claim Mr. Coughran is not subject to personal jurisdiction because Mr. Coughran never entered Arizona in connection with his director's role, so Mr. Coughran did not purposefully direct any activities to Arizona or purposefully avail himself of Arizona's legal benefits relating to Plaintiffs' claims. (*Id.*) In response, Plaintiffs argue Mr. Coughran purposefully availed himself of Arizona's business benefits because he engaged in Vector's Arizona-based corporate functions; Defendants did not object to prongs two or three of the specific-jurisdiction analysis. (Doc. 19 at 3-5.)

A court has specific personal jurisdiction over a defendant if: (1) the defendant "purposefully direct[ed] his activities toward the forum or purposefully avail[ed] himself of the privileges of conducting activities in the forum"; (2) the litigation "arises out of or relates to the defendant's forum-related activities"; and (3) exercising jurisdiction "comport[s] with fair play and substantial justice, i.e. it must be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). Personal jurisdiction may be present despite a defendant's lack of physical presence in the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Further, personal jurisdiction is not limited

to a defendant's individual actions but may also be exercised over employees based on actions taken on a corporation's behalf. *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1109 (9th Cir. 2020).

In a securities fraud case, the Court may find the first prong of specific personal jurisdiction is met based on purposeful availment. *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*, 480 F. Supp. 3d 1050, 1065-66 (N.D. Cal. 2020) (purposeful availment found based on transactional aspects of securities fraud). Purposeful availment requires "affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990)).

Here, the Court will only focus on the first prong of the specific-jurisdiction analysis because Defendants do not make specific objections regarding prongs two or three. *See* Fed. R. Civ. P. 72(b)(2) (objections to the proposed findings and recommendations must be *specific*). The Court finds Plaintiffs sufficiently alleged Mr. Coughran purposefully availed himself of the privilege of conducting activities in Arizona. From 2017 to 2019, Mr. Coughran served on the Board of Directors of Vector, a corporation with its principal place of business in Arizona, which enabled him, through Vector, to sell the securities related to this suit. (Doc. 1-3 ¶ 11; Doc. 5 ¶ 2.) Although Mr. Coughran never traveled to Arizona for work, he knowingly directed an Arizona-based business by virtually participating in quarterly meetings and communicating with the company via phone calls and emails. (Doc. 1 ¶ 11; Doc. 5 at 2.) According to the Complaint, Mr. Coughran "knew of and approved of the investment communications" sent to Plaintiffs, who are based in Arizona. *Cf. In re Volkswagen "Clean Diesel"*, 480 F. Supp. 3d at 1065-66 (specific personal jurisdiction existed over CEO of Volkswagen, who had "specifically targeted American investors and capital markets to raise money"). (Doc. 1 ¶ 18.) Based on these facts, Mr. Coughran could reasonably foresee being sued in an Arizona court. *Cf. PNC Equip. Fin., LLC v. Carr*, No. 19-MC-80013-VKD, 2021 WL 3702162, at *2-3 (N.D. Cal. Aug. 20, 2021), report and recommendation adopted, No. 19-MC-80013-BLF, 2022 WL

2288935 (N.D. Cal. Feb. 8, 2022) (CEO of California company could reasonably foresee being haled into California court despite being domiciled in New Jersey). Therefore, the Magistrate Judge correctly concluded the Court has specific personal jurisdiction over Mr. Coughran.

### 2. Mrs. Coughran

Defendants argue the Magistrate Judge incorrectly concluded there is personal jurisdiction over Mrs. Coughran because "Plaintiffs present no contacts on [her] part." (Doc. 17 at 11.) In response, Plaintiffs argue exercising personal jurisdiction over Mrs. Coughran is appropriate because there is jurisdiction over her husband and they reside in a community property state. (Doc. 19 at 6.)

Courts apply the personal jurisdiction rules of the forum state if its rules are consistent with Due Process. *See Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). In Arizona, courts have personal jurisdiction over both non-resident spouses, even when one spouse lacks minimum contacts with the forum, if the spouses reside in a community property state. *Sigmund v. Rea*, 248 P.3d 703, 705 (Ariz. Ct. App. 2011). Because both spouses must submit to the burdens of the marital community if claims arise out of or relate to the marital community, personal jurisdiction extends to both spouses. *See High Purity D.R.A.W., Inc. v. Sanveo, Inc.*, No. 2:17-CV-1784-HRH, 2017 WL 4652203, at *8 (D. Ariz. Oct. 17, 2017) (exercising personal jurisdiction over non-offending spouse if that spouse lives in a community property state and offending spouse has sufficient contacts with the forum state); *Best W. Int'l, Inc. v. Doe*, CV-06-1537PHXDGC, 2007 WL 2410341, at *2 (D. Ariz. Aug. 21, 2007) (same).

Here, Mr. and Mrs. Coughran reside in California—a community property state. *See Ordlock v. C.I.R.*, 533 F.3d 1136, 1137 (9th Cir. 2008). While Mrs. Coughran lacks minimum contacts with Arizona, a judgment from this suit would likely affect the marital community's property; therefore, personal jurisdiction extends to both Mr. and Mrs. Coughran. *See High Purity D.R.A.W., Inc.*, 2017 WL 4652203, at *8.

. . . .

**B.  Objection #2: Control-person liability under A.R.S. § 44-1999**

Defendants argue the Magistrate Judge incorrectly concluded Plaintiffs stated a securities claim under Arizona law because Plaintiffs have not: (1) established a primary violation or (2) alleged facts to establish Mr. Coughran was a control person.  (Doc. 17 at 2, 11-14.)  To bring a control-person-liability claim under A.R.S. § 44-1999, a plaintiff must allege "(1) a primary violation of the A.R.S. §§ 44-1991 or 44-1992 and (2) that the Defendants had actual power or control over the primary violator."  *Sierp v. DeGreen LP*, No. CV-16-00189, 2017 WL 67531, at *7 (D. Ariz. Jan. 6, 2017).

1. Primary Violation

Defendants argue the Magistrate Judge erred by "analogiz[ing] to federal securities statutes not involved in this case."  (Doc. 17 at 12.)  According to Defendants, the Magistrate Judge should have adopted the reasoning in *McCauley v. Najafi*, 2020 WL 1451544, at *7 (D. Ariz. Mar. 25, 2020), and concluded that "for a control person claim to proceed, the controlled person first needs to be found liable for a primary violation."  (*Id.*)  In response, Plaintiffs argue the Magistrate Judge correctly disregarded *McCauley* because the *McCauley* court cited no authority for its interpretation of the statute, and did not consider the impracticability of a bankrupt primary violator.  (Doc. 19 at 7-8.)

Under Arizona law, courts may look at federal case law interpreting Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a), for guidance because it is substantially similar to A.R.S. § 44-1999(B).  *E. Vanguard Forez, Ltd. v. Ariz. Corp. Comm'n*, 79 P.3d 86, 97 (Ariz. Ct. App. 2003).  Such authority, however, is not binding.  *See id.* (Courts "are not bound even by the United States Supreme Court's interpretation of analogous federal securities law.").  Similarly, the reasoning in *McCauley* is not binding authority because *McCauley* is an Arizona district court case.  *See Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001) (district court decisions not binding because otherwise the "first district judge to decide an issue within a district, or even within a circuit, would bind all similarly situated district judges").  Therefore, no binding authority has been cited on this matter and the Court is unaware of any.

In *McCauley*, the plaintiffs alleged a control-person-liability claim under § 44-1999(B) against a bankrupt entity. *McCauley*, 2020 WL 1451544, at *1-2, 7. The *McCauley* court dismissed the claim and concluded a plaintiff must include the controlled entity as a party to the case or allege the controlled entity was previously found liable under A.R.S. §§ 44-1991 or 44-1992 to sufficiently allege a claim under § 44-1999(B). *Id.* at *7. Notably, however, the *McCauley* court did not cite to any authority for this reasoning and appeared to base its decision solely on its interpretation of § 44-1999(B). *Id.*

In this case, the Magistrate Judge rejected *McCauley* and recommended relying on *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 285 (3d Cir. 2006)—a Third Circuit case examining a Section 20(a) securities claim. The *Suprema* court held a controlled person does not need to be named as a defendant or have a previous finding of liability if the controlled person is an entity in bankruptcy. *Id.* Instead, the plaintiff must simply adequately allege the controlled entity—the primary violator—is liable of a securities violation. *Id.* Other district courts have held the same. *See e.g.*, *In re Exodus Commc'ns, Inc. Sec. Litig.*, No. C 01-2661 MMC, 2005 WL 1869289, at *45 (N.D. Cal. Aug. 5, 2005), *on reconsideration*, No. C-01-2661-MMC, 2005 WL 2206693 (N.D. Cal. Sept. 12, 2005) ("[A]ll that is required for plaintiffs to state a claim for controlling person liability is for plaintiffs to adequately allege that [controlled person] engaged in a primary violation of the securities laws and that the Individual Defendants controlled [the controlled person]."); *Aviva Life & Annuity Co. v. Davis*, 20 F. Supp. 3d 694, 708 (S.D. Iowa 2014); *Hayden v. Wang*, No. 13-cv-03139-JST, 2013 WL 6021141, at *2-3 (N.D. Cal. Nov. 13, 2013); *In re Able Labs. Sec. Litig.*, No. 05-2681 (JAG), 2008 WL 1967509, at *28-29 (D.N.J. Mar. 24, 2008).

The Court agrees with the Magistrate Judge and finds the reasoning in *Suprema*, and similar cases, more persuasive than the reasoning in *McCauley* because Arizona law requires § 44-1999 to be liberally construed. *See E. Vanguard*, 79 P.3d at 97 (Arizona Securities Act should be liberally construed because Act's purpose includes protecting the public, preserving fairness, and suppressing unlawful conduct). Nothing in § 44-1999

expressly requires a controlled person to be previously found liable or named as a party. Such an interpretation would be unjust and allow defendants to escape liability when the controlled person is a bankrupt entity that cannot be sued. *See In re Nat'l Century Fin. Enters., Inc., Inv. Litig.*, No. 2:03-MD-1565, 2006 WL 469468, at *24 (S.D. Ohio Feb. 27, 2006) (bankrupt entity need not be named as a party if it is bankrupt and cannot be sued). At this stage in the litigation, the Court finds Plaintiffs have sufficiently alleged the controlled entity—Vector— committed a primary violation of a securities law—A.R.S. § 44-1991.[1]  Therefore, the Magistrate Judge did not err.

### 2. Control Person

Defendants argue the Magistrate Judge erred by finding Plaintiffs alleged enough facts to show "Mr. Coughran had 'actual power or control' over the actions of Vector and its employees." (Doc. 17 at 5.) Specifically, Defendants argue Plaintiffs needed to allege Mr. Coughran participated in Vector's day-to-day affairs or controlled Vector's relevant actions to find Mr. Coughran had actual power or control.  (*Id.* at 14.)  According to Defendants, it was not enough for the Magistrate Judge to rely on Mr. Coughran's employment with Sequoia and his position on Vector's board of directors. (*Id.* at 13.) Plaintiffs argue they have alleged enough and "[t]he extent of Mr. Coughran's power and control is the proper subject for discovery." (Doc. 19 at 10.)

Section 44-1999 imposes "presumptive control liability on those persons who have the power to directly or indirectly control the activities" of the primary violator(s). *Sierp*, 2017 WL 67531 at *7 (quoting *E. Vanguard Forex*, 79 P.3d at 99).  A "controlling person need not have actually participated in the specific action upon which the securities violation is based." *Facciola v. Greenberg Traurig, LLP*, 781 F. Supp. 2d 913, 923 (D. Ariz. 2011). All that is needed is evidence the controlling person had the legal power to control because the Arizona Securities Act "seeks to discourage control persons from passively allowing

---

[1] In a footnote, Defendants argue the Magistrate Judge incorrectly concluded Plaintiffs alleged a primary violation of § 44-1991 against Vector "for the reasons set forth in their [previous] motion." (Doc. 17 at 12 n. 3.)  The Court will not address this vague argument.   *See* Fed. R. Civ. P. 72(b)(2) (objections to the proposed findings and recommendations must be *specific*).

misconduct to occur under their watch." *Simmons v. Ariz. Corp. Comm'n*, No. 1 CA-CV 19-0047, 2019 WL 6606345, at *3 (Ariz. Ct. App. Dec. 5, 2019), *as amended* (Dec. 6, 2019).

Here, Plaintiffs have alleged sufficient facts that, when taken as true, plausibly establish Mr. Coughran was a control person (i.e. a person with actual power or control). Plaintiffs allege Mr. Coughran was a partner of Sequoia—one of the largest investors of Vector, who invested millions—and sat on Vector's board of directors as Sequoia's representative. (Doc. 1-3 ¶¶ 9, 12-13, 29.) Plaintiffs also allege Mr. Coughran knew about and approved the communications Vector representatives had with Plaintiffs about Plaintiffs' investments in Vector, including the due-diligence materials made available to them. (*Id.* ¶¶ 18-19.) Plaintiffs allege Mr. Coughran was aware Sequoia "contemplated or intended to withdraw all funding for Vector" *prior* to the securities sale and this information was not conveyed to Plaintiffs. (*Id.* ¶¶ 26-27, 30-31.) According to Plaintiffs, Mr. Coughran knew about material information withheld from Plaintiffs and approved of various misleading or false statements made to Plaintiffs before the securities purchase, and Vector became bankrupt shortly after Sequoia withdrew its funding. (*Id.* ¶¶ 18-20, 26-32, 33, 50; Doc. 14 at 9.) At this stage in the litigation, the Court agrees with the Magistrate Judge and concludes Plaintiffs have alleged enough to show Mr. Coughran had "actual power or control" over Vector's actions.

**IT IS ORDERED** Magistrate Judge Ferraro's Report and Recommendation is **ACCEPTED** and **ADOPTED** (Doc. 16).

**IT IS FURTHER ORDERED** the fictious defendants Black and White Entities 1–10 and John and Jane Does 1–10 are **DISMISSED**.

**IT IS FURTHER ORDERED** Defendants' Motion to Dismiss is **DENIED** and Defendants shall answer Plaintiffs' Complaint.

Dated this 9th day of September, 2022.

Honorable Scott H. Rash
United States District Judge